**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JON SUGICK,

    Plaintiff,

  v.                                                                   Case No. 17-10211

NEW YORK LIFE INSURANCE COMPANY and
NYLIFE SECURITIES, LLC,

    Defendants.
                                                 /

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND
DISMISS COMPLAINT**

Plaintiff Jon Sugick, an African American male, worked for the Defendants New York Life Insurance Company and NYLife Securities, LLC as a Financial Services Professional from 2008 until 2016. (Dkt. # 1, Pg. ID 3, 9.) According to his complaint, during the course of this employment, his treatment was different than his white colleagues and Defendant's management personnel made prejudicial statements towards him. (*Id.* at Pg. ID 4-9.) As a result, Plaintiff sues for damages, claiming race discrimination under federal and state civil rights statutes, and retaliation. (*Id.* at Pg. ID 2, 10-14.) Pending before the court is Defendants' motion to compel arbitration and dismiss pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. (Dkt. # 8.) The motion is fully briefed and a hearing was held August 9, 2017.

In their motion, Defendants insist that Plaintiff signed multiple documents that require agreeing to arbitration, in particular one referred to by both parties as the "Agent's Contract." (Dkt. # 8, Pg. ID 33-34.) The clause at issue provides:

> 24. Arbitration
>
> a. New York Life and You (collectively, the "Parties") agree that any dispute, claim or controversy arising between the Parties, including those alleging employment discrimination (including sexual harassment and age and race discrimination) in violation of a statute (hereinafter "the Claim"), as well as any dispute as to whether such Claim is arbitrable, shall be resolved by an arbitration proceeding administered by FINRA[1] in accordance with its arbitration rules.

(Dkt. # 8-2, Pg. ID 60.)

Plaintiff contends that he never signed the Agent's Contract, and therefore never agreed to specifically arbitrate employment discrimination claims arising from his employment. (Dkt. # 10, Pg. ID 117-18.) He avers that Defendants "fraudulently induced" his signature on the Agent's Contract by having Plaintiff sign a stand-alone signature page (Dkt. # 11-5) several months before the full agent contract was presented to him, and attaching it to the Agent's Contract after Plaintiff refused to sign. (*Id.*) According to Plaintiff, Defendants' agent represented this unattached signature page as being merely a "second signature" they needed for their "files[.]" (*Id.*) This, he contends, gives the court jurisdiction to decide this case, since the Agent's Contract is unenforceable and he never specifically agreed to arbitration for employment discrimination claims. (*Id.* at Pg. ID 111, 118, 120.)

Under § 2 of the FAA, a party can challenge either "specifically the validity of the agreement to arbitrate" or "the contract as a whole, either on a ground that directly affects the entire agreement (e.g., the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006). The Supreme Court has further explained that "if the claim is fraud in the inducement of the

---
[1] "FINRA" refers to the Financial Industry Regulatory Authority. (Dkt. # 8, Pg. ID 35.)

arbitration clause itself—an issue which goes to the 'making' of the agreement to arbitrate—the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally." *Id.* at 445 (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967)); *see also Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 575-76 (6th Cir. 2003) (quoting and discussing *Prima Paint* at length for this proposition). This rule applies even in cases "where the alleged fraud that induced the whole contract equally induced the agreement to arbitrate which was part of that contract. . . ." *See Rent-A-Center West, Inc. v. Jackson*, 561 U.S. 63, 70-71 (2010); *Ferro Corp. v. Garrison Indus., Inc.*, 142 F.3d 926, 933 (6th Cir. 1998).

Here, Plaintiff argues that his assent to the entire Agent's Contract—not just the arbitration provision—was procured by fraud. (*See, e.g.*, Dkt. # 10, Pg. ID 118 ("Plaintiff asserts that the signature appearing on the Agent's Contract was fraudulently induced and is not enforceable).) As a result, the validity of Agent's Contract is properly referred to the arbitrator under *Buckeye Check Cashing*, 546 U.S. at 445 ("[T]he statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally.")

Plaintiff's allegations may more properly be characterized not as fraud in the inducement but as fraud in the factum—"that is, the sort of fraud that procures a party's signature to an instrument without knowledge of its true nature or contents." *Langley v. Fed. Deposit Ins. Corp.*, 484 U.S. 86, 93 (1987) (citing U.C.C. § 3-201(1) and Restatement (Second) of Contracts § 163, comm. c.) (other citations omitted). The

3

distinction is critical—fraud in the factum renders a purported contract void, not merely voidable, and "a void contract, unlike a voidable contract, was never a contract at all." *Burden v. Check Into Cash of Ky., LLC*, 267 F.3d 483, 488 (6th Cir. 2001). Thus, because courts decide issues involving the "making of the agreement to arbitrate," and fraud in the factum goes to the very existence and "making of the agreement," courts, not arbitrators, decide fraud in the factum claims. *Id. at 489*; *accord Sandvik AB v. Advent Int'l. Corp.*, 220 F.3d 99, 106-07 (3d Cir. 2000) (noting *Prima Paint* applies only to voidable contracts); *Cancanon v. Smith Barney, Harris, Upham & Co.*, 805 F.2d 998, 999-1000 (11th Cir. 1986) (finding that fraud in the factum allegations are not to be resolved based on an arbitration clause in the contract).

Plaintiff does not claim fraud in the factum, however. In the Sixth Circuit, "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (citations omitted). Plaintiff does not raise this issue at all, let alone in a "perfunctory manner." *Id.* Accordingly, it is deemed waived.

In any event, under Michigan law "there can be no fraud where the means of knowledge regarding the truthfulness of the representation are available to the plaintiff and the degree of their utilization has not been prohibited by the defendant." *Yaldu v. Bank of Am. Corp.*, 700 F. Supp.2d 832, 844 (E.D. Mich. 2010) (quoting *Webb v. First of Mich. Corp.*, 491 N.W.2d 851, 853 (Mich. Ct. App. 1992)). Above Plaintiff's signature on the page he claims to have been duped into signing is the final paragraph of the Agent's Contract, which provides:

> 42. **Survival**. The following Sections shall survive termination of this Agent's Contract by either parry for any reason: 12, 14, 15, 16, 21, 22, 23, 24, 25, 30, 36, 38 and 39, and any other sections that by their nature should survive termination.

(Dkt. # 11-5 (emphasis in original).) Directly below that section, expressly designated as the forty-second section of the document being signed, appears the following:

> **IN WITNESS WHEREOF**, the parties to this Agent's Contract have subscribed their names hereto and to a duplicate hereof.

(*Id.*) Together, the these paragraphs expressly designate the signature page as belonging to the larger "Agent's Contract[,]" rather than being merely a "second signature" needed for Defendants' "files."

The court is inclined to find that the "the means of knowledge" regarding the nature of the signature page appear on the page itself and, therefore, that Plaintiff does not state a plausible fraud claim in light of *Yaldu v. Bank of Am. Corp.*, 700 F. Supp.2d at 844. In light of *Buckeye Check Cashing*, 546 U.S. at 445, however, the court will leave that decision to the arbitrator. Accordingly,

IT IS ORDERED that Defendant's "Motion to Compel Arbitration and Dismiss Complaint (Dkt. # 8) is GRANTED.

                                          s/Robert H. Cleland                             /
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: July 26, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 26, 2017, by electronic and/or ordinary mail.

                                          s/Lisa Wagner                                 /
                                          Case Manager and Deputy Clerk
                                          (810) 292-6522